J-S60033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERR MICHAEL GRAHAM | |
| Appellant | No. 706 MDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000387-2011
CP-36-CR-0002561-2009
CP-36-CR-002566-2009

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 10, 2014**

Appellant Kerr Graham appeals from the judgment of sentence of 6 months to 3 years of incarceration for a probation violation, consecutive to a term of 1 to 3 years of incarceration for a new simple assault conviction.[1] Graham challenges the aggregate sentence as excessive. Graham's counsel has filed an **Anders**[2] brief, together with a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[1] We note Graham's conviction for simple assault is a misdemeanor of the first degree because he committed the acts against a child under 12 years of age and he is older than 18 years of age. **See** 18 Pa.C.S. § 2702(b)(2).

[2] **Anders v. California**, 386 U.S. 738 (1967).

On September 7, 2011, Graham entered a guilty plea in the Lancaster County Court of Common Pleas to the following charges at three separate docket numbers:[3] possession with intent to deliver marijuana,[4] simple assault,[5] terroristic threats,[6] and stalking.[7] That same day, the trial court sentenced him to 1 to 2 years of incarceration followed by 3 years of probation on the marijuana conviction, 1 to 2 years of incarceration on the simple assault conviction, 1 to 2 years of incarceration followed by 3 years of probation on the terroristic threats conviction, 1 to 2 years of incarceration followed by 3 years of probation on the stalking conviction – all of which the trial court imposed concurrently. On February 7, 2014, the Commonwealth charged Graham with violating his probation imposed under all three docket numbers based on a simple assault charge that occurred on December 29, 2013. On March 21, 2014, Graham entered a negotiated guilty plea on the new simple assault charge and appeared for the probation violation hearing. That same day, the trial court found Graham violated his probation and

---

[3] Docket number CP-36-CR-0002561-2009 contains the charge of possession with intent to deliver marijuana. Docket number CP-36-CR-002566-2009 contains the charges of simple assault and terroristic threats. Docket number CP-36-CR-0000387-2011 contains the charges of stalking.
[4] 35 P.S. § 780-113(a)(3).
[5] 18 Pa.C.S. § 2701(a)(3).
[6] 18 Pa.C.S. § 2706(a)(1).
[7] 18 Pa.C.S. § 2709.1(a)(2). The Commonwealth charged Graham with eight counts of stalking. He entered a guilty plea to all eight counts.

sentenced him on both the new simple assault conviction and his probation violation, as stated above.

On March 31, 2014, Graham filed a motion to reconsider and modify sentence, seeking to have the simple assault and probation violation sentences run concurrently or to reduce the aggregate sentence to 1½ to 4 years, which the trial court denied on April 1, 2014. **See** Application for Leave to Withdraw as Counsel, at ¶ 9. On April 21, 2014, Graham filed a timely notice of appeal and the next day amended the same. On April 21, 2014, the trial court directed Graham to file his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 12, 2014, Graham's counsel timely filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4) in lieu of a 1925(b) statement.[8]

To obtain permission to withdraw, counsel must file an **Anders** brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**.[9]  The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

---

[8] By order dated May 15, 2014, the trial court indicated it did not author or file a 1925(a) opinion in light of Graham's counsel filing an **Anders** brief. This is permissible. **See Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa.Super.2008) (trial court opinion is not necessary where counsel files a 1925(c)(4) statement).

[9] 978 A.2d 349 (Pa.2009).

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel must provide the appellant a copy of the ***Anders*** brief with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel filed an Application for Leave to Withdraw as Counsel. The application states counsel made a conscientious and extensive review of the entire record, including the probation violation and sentencing transcript, and the applicable law and determined there were no non-frivolous issues to be raised on appeal. Application for Leave to Withdraw as Counsel at ¶¶ 14, 15. The application explains counsel notified Appellant of the withdrawal request, supplied him with a copy of the ***Anders*** brief, and explained his right to proceed *pro se* or with new, privately-retained counsel to raise any

additional points or arguments that Appellant believed had merit. ***See id.***; Letter to Appellant, July 10, 2014, attached to Application for Leave to Withdraw as Counsel. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Graham filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues of arguable merit raised in the ***Anders*** brief:

> [I.] [The probation violation] Sentence [s]hould have been Concurrent to Sentence for Simple Assault
>
> [II.] Sentence for his [probation violation] is not a State Sentence
>
> [III.] [Probation violation] Sentence was [b]ased on Past Crimes not Current Offense of Simple Assault
>
> [IV.] Excessive [probation violation] Sentence
>
> [V.] As the Former District Attorney, Judge Totaro should not have [s]entenced Mr. Graham

Appellant's Brief at 9, 10, 12. Graham's second, third, and fifth issues were not raised at sentencing, in his post-sentence motion, or in his counsel's 1925(c)(4) statement. Graham's third and fifth issues are discretionary. Accordingly, Graham has waived these issues by failing to preserve them at

the trial court level. ***See Commonwealth v. Colavita***, 993 A.2d 874, 891 (Pa.2010) ("This Court has consistently held that an appellate court cannot reverse a trial court judgment on a basis that was not properly raised and preserved by the parties. Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue sua sponte"). Graham's second issue is an issue of law that implicates the legality of his sentence. This Court may review challenges to the legality of a sentence *sua sponte*. ***See Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa.Super.2003). Therefore, Graham has not waived this issue.

In his second issue, Graham argues his sentence of 6 months to 3 years of incarceration for his probation violation is not a state sentence, and thus he should not serve his sentence in a state correctional facility. This lacks merit.

A claim that implicates the legality of a sentence presents a pure question of law. Thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Foster***, 17 A.3d 322, 340 n. 13 (Pa.2011).

Section 9762 of the Judiciary and Judicial Procedure Code provides:

* * *

> **(b) Sentences or terms of incarceration imposed after a certain date.**—All persons sentenced three or more years after the effective

date of this subsection[10] to total or partial confinement shall be committed as follows:

> (1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

42 Pa.C.S.A. § 9762(b)(1).

Regarding the aggregation of sentences for purposes of determining the term of incarceration, Section 9762 further explains:

> (f) **Aggregation**.--For purposes of this section, the sentences or terms of incarceration shall mean the entire continuous term of incarceration to which a person is subject, notwithstanding whether the sentence is the result of any of the following:
> (1) One or more sentences.
>
> (2) Sentences imposed for violations of probation or intermediate punishment.
>
> (3) Sentences to be served upon recommitment for violations of parole.
>
> (4) Any other manner of sentence.

42 Pa.C.S.A. § 9762(f).

Since a term of incarceration is defined by statute to include both "one or more sentences" and specifically includes "sentences imposed for violations of probation," we credit both Graham's simple assault and probation violation sentences in calculating whether he has been committed

---

[10] This subsection became effective on November 24, 2008, prior to the imposition of any sentences in this matter. *See* 42 Pa.C.S. 9762. Since the trial court imposed its sentence on March 21, 2014, more than three years elapsed since subsection (b) became effective. Accordingly, it applies.

to a maximum term of 5 or more years. **See** 42 Pa.C.S.A. § 9762(f), (a)(1). He has. Graham stands to serve a maximum of 3 years of incarceration for his simple assault conviction. Thereafter, Graham may serve a maximum of 3 years pursuant to the terms of the probation violation sentence. Accordingly, Graham has been committed to a maximum term of 6 years. Section 9762(a)(1), therefore, refutes Graham's argument and mandates that he serve the sentence in a state correctional facility. **See** 42 Pa.C.S.A. § 9762(a)(1).

Graham's remaining issues challenge the discretionary aspects of his probation violation sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Allen**, 24 A.3d at 1064.

Graham filed a timely notice of appeal, and preserved his issues in a motion for reconsideration of sentence. Graham has failed to include the

requisite Rule 2119(f) statement. *See* Appellant's Brief, *generally*. "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." *Commonwealth v. Bruce*, 916 A.2d 657, 666 (Pa.Super.2007) (citing *Commonwealth v. Hudson*, 820 A.2d 720, 727 (Pa.Super.2003)). Here, the Commonwealth has not filed a brief and thus has not objected to Graham's omission of the Rule 2119(f) statement. Accordingly, we decline to find waiver based on these technical defects. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1271 (Pa.Super.2013) (declining to find waiver based on inadequate Rule 2119(f) statement since the Commonwealth did not object). We now determine whether he has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); *see also* 42 Pa.C.S.A. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Id.* A bald or generic assertion that a sentence is excessive does not, by itself, raise a

substantial question justifying this Court's review of the merits of the underlying claim. *Id.*; *see also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super.2013). In the context of a challenge to consecutive sentences, "a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable [based on the criminal conduct that occurred in the case], resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super.2013).

Graham first contends his sentence was excessive because "society did not need to be protected from him [since] his crimes were not done to society but against people he knew." Appellant's Brief at 11. He next argues that the sentence was excessive because "the [District Attorney's Office] had agreed that his [probation violation] sentence would run concurrent with his . . . sentence for simple assault." *Id.* at 9. Both contentions fail to raise a substantial question and, even if either did, the claims would fail on the merits.

Graham acknowledges that he makes only a generic claim of excessiveness because the trial court could have imposed a consecutive sentence of incarceration for each conviction upon which his probation was revoked. *See* Appellant's Brief at 11-12 ("[T]he court could have imposed a

sentence of one and one-half to three years on each of the remaining counts, and need not have imposed these [probation violation] sentences concurrently"). Graham concedes that, as such, "there simply is no argument under these circumstances that this sentence was excessive." *Id.* at 12. He is correct.

Moreover, after independent review, we agree that Appellant's discretionary aspects of sentence claim is wholly frivolous.

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the trial court did not abuse its discretion. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered Appellant's rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b). Contrary to Graham's assertions that the crime was against people with whom he is familiar and thus not against society, the Commonwealth prosecutes crimes because they are crimes against society. *See* Black's Law Dictionary (9th ed. 2009) ("Understanding

- 11 -

that the conception of *Crime*, as distinguished from that of *Wrong* or *Tort* and from that of *Sin*, involves the idea of injury to the State of collective community. . .") (*quoting* Henry S. Maine, Ancient Law 320 (17th ed. 1901)). Graham concedes in his brief that his "victims were members of society." This concession refutes the notion that Graham's personal relationship with the victims made his crimes less reprehensible. Appellant's Brief at 12.

Immediately preceding sentencing, the trial court explained its reasons for imposing a consecutive sentence of incarceration for his violation of probation as follows:

> [H]e has 19 prior convictions. He has 14 prior violations that he has come before the [c]ourt for violating his probation and/or parole. Nothing seems to work for Mr. Graham to get the message that he shouldn't be out there committing crimes. So there is no way I can make this concurrent.

N.T. 3/21/2014 p. 19. **See also** Appellant's Brief at 12. The trial court also noted Graham's "horrendous" prior record score, "the number of violations and the seriousness of the crimes." N.T. 3/21/2014 p. 18. The trial court then revoked Graham's probation on all counts and sentenced Graham within the sentencing alternatives that were available at the time of the original sentence, which did not exceed its statutory maximum.[11] We find

_____

[11] When sentencing an offender to a term of imprisonment following the revocation of probation, the trial court has available the entire gamut of sentencing alternatives that were available at the time of the offender's

*(Footnote Continued Next Page)*

the sentencing court placed adequate reasons for its sentence on the record and acted within its discretion. *See* 42 Pa.C.S. § 9721(b).

Graham's contention that the consecutive nature of his probation violation and simple assault sentences upset a negotiated plea agreement with the District Attorney's Office, as his counsel concedes, "is simply not true." Appellant's Brief at 9. Counsel explained: "During the oral guilty plea colloquy with [] Graham, the [trial] court specifically inquired as to whether there was any agreement with regard to the [probation violation] sentence and the sentence for simple assault, and defense counsel informed the [trial] court that there was not." Appellant's Brief at 9. Our independent review of the trial transcript confirms the same. *See* N.T. 3/21/2014, p. 9. As this claim contains no factual basis, it is devoid of merit.

Given the foregoing, Graham has not raised a substantial question regarding the appropriateness of his sentence. Further, even if he had raised a substantial question for review, his claim would fail on the merits. Finally, our independent review of the record has revealed no non-frivolous

*(Footnote Continued)* ————————

initial sentencing. *See* 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Bowser*, 783 A.2d 348, 349-50 (Pa.Super.2001), *appeal denied*, 798 A.2d 1286 (Pa.2002). The trial court is limited, however, by the sentencing alternatives that were available at the time of the original sentencing and may not exceed the maximum sentence that could have originally been imposed. *See Commonwealth v. Harrison*, 398 A.2d 1057, 1059 n. 2 (Pa.Super.1979).

claims that Graham could have raised, and we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2014